Case 5:25-cv-00197   Document 24   Filed on 12/02/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LUCAS CABRERA-HERNANDEZ § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:25-cv-197 |
| § | |
| PAMELA BONDI *et al.* § | |

## ORDER

Before the Court are Petitioner Lucas Cabrera-Hernandez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1), Motion for a Temporary Restraining Order and Preliminary Injunction Ordering Release Pending Final Judgment (Dkt. No. 2), and Motion for Order to Show Cause (Dkt. No. 3).[1] For the reasons below, Petitioner's Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 1).

## I.  BACKGROUND

Petitioner, a Mexican national, has resided in the United States for over two decades (Dkt. No. 1 at 1, ¶ 1; 7, ¶ 26). Shortly after entering the United States, Petitioner married a United States citizen, and they share three children together (Dkt. Nos. 1 at 7, ¶ 26; 1-15 at 2). Twelve years ago, ICE agents encountered Petitioner in San Antonio, Texas (Dkt. No. 1 at 8, ¶ 27). Petitioner was released on bond following a hearing

---

[1] The Petition names Pamela Bondi, Kristi Noem, Todd Lyons, Sylvester M. Ortega, and Warden Perry Garcia, as respondents in this action. But Warden Garcia, "the person who has custody over [Petitioner]" is generally the only properly named respondent. 28 U.S.C. §§ 2242, 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (citations omitted)).

However, no Respondents have requested dismissal. To the contrary, Federal Respondents collectively advance that they "have detention authority over aliens detained under Title 8 of the United States Code" (Dkt. No. 15 at 7 n.1). Accordingly, the Court will not dismiss Federal Respondents at this time.

1

pursuant to 8 U.S.C. § 1226 (Dkt. No. 1 at 8, ¶ 28). Ten years later, an Immigration Judge ("IJ") dismissed his removal proceedings, finding the notice to appear procedurally deficient (Dkt. Nos. 1 at 8, ¶ 28; 1-9 at 2–3). Following this ordeal, Petitioner and his wife sought adjustment of Petitioner's status as a spouse of a United States citizen (Dkt. Nos. 1 at 8, ¶ 29; 1-10).

Two years after the IJ dismissed his previous removal proceedings, and with Petitioner's application of adjustment still undecided, ICE agents surrounded Petitioner's work truck and arrested him in the early morning hours of July 26, 2025 (Dkt. No. 1 at 8, ¶ 28; 9, ¶ 34). ICE held Petitioner without a bond hearing, categorizing him as "an alien present in the United States who has not been admitted or paroled" (Dkt. No. 1 at 10, ¶ 35; 1-2 at 1). Petitioner nonetheless sought custody redetermination and a bond hearing (Dkt. No. 1 at 10, ¶ 38). An IJ found that Petitioner was, in fact, entitled to bond and "granted release in condition of bond of $5,000" (Dkt. No. 1 at 11, ¶¶ 39–41).

Respondents reserved their right to appeal the bond determination, invoking an automatic stay provided for by 8 C.F.R. § 1003.19(i)(2) ("In any case in which DHS has determined that an alien should not be released . . . , any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination . . . ."). Thereafter, on October 12, 2025, the Board of Immigration Appeals ("BIA") vacated the IJ's decision granting Petitioner release on bond (Dkt. No. 1 at 13, ¶ 46). In so doing, the BIA cited *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), which found that 8 U.S.C. § 1225(b) controls for individuals like Petitioner and requires the IJ to deny a bond hearing (Dkt. No. 1 at 13, ¶ 46).

Then, on October 14, 2025, a New York-based IJ ordered Petitioner removed from the United States[2] (Dkt. Nos. 1 at 14, ¶ 48; 1-15 at 8). Petitioner timely appealed that decision (Dkt. No. 1-16). 8 C.F.R. § 1003.38(b). At present, Petitioner remains in custody pending the adjudication of his appeal.

On October 29, 2025, Petitioner filed this Writ of Habeas Corpus (Dkt. No. 1), along with a Motion for a Temporary Restraining Order and Preliminary Injunction Ordering Release Pending Final Judgment (Dkt. No. 2) and a Motion for Order to Show Cause (Dkt. No. 3). He argues that his continued detention contravenes both his constitutional rights and the plain language of relevant statutes, 8 U.S.C. §§ 1225(b), 1226 (*see* Dkt. Nos. 1, 2, 3). The Court ordered Respondents to respond, and they timely did so (Dkt. No. 15). Petitioner thereafter filed a timely reply (Dkt. No. 16).

After reading the parties' briefings, the Court required clarity and ordered the parties to file supplemental briefing (*see* Dkt. No. 17). The parties timely complied (Dkt. Nos. 19, 20). Now that the matter is fully briefed, the Court resolves the issues without a hearing. *See* § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause why the writ should not be granted, . . . ." (emphasis added)).

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a petitioner in federal custody in violation of the Constitution or federal law. Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."

---

[2] Although Petitioner has been ordered removed, he is not subject to detention under 8 U.S.C. § 1231 because his removal order is not yet final. *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 674 (S.D. Tex. 2021) (Saldaña, J.); *see also* 8 C.F.R. § 1241.1(a) (a removal order becomes final upon conclusion of a timely filed appeal).

3

*I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations omitted), *superseded by statute on other grounds*, Real ID Act of 2005, H.R. 418, *as recognized in Nasrallah v. Barr*, 590 U.S. 573 (2020). Accordingly, challenges to immigration-related detention are within a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III. DISCUSSION

#### A. Automatic Stay Under 8 C.F.R. § 1003.19(i)(2)

Petitioner challenges 8 C.F.R. § 1003.19(i)(2)'s constitutionality, on its face and as applied to him (Dkt. No. 19 at 8–16, 20–23). He argues it violates both procedural and substantive due process (*see* Dkt. No. 19 at 8–16, 20–23). Namely, Petitioner contests the automatic stay pursuant to *Mathews v. Elridge*, 424 U.S. 319 (1976) and substantively as a deprivation of his liberty interests (*see* Dkt. No. 19 at 8–16, 20–23). He also contends the automatic stay is an *ultra vires* extension of the Department of Homeland Security's authority (Dkt. No. 20 at 16–19). Regardless of any merit they may have,[3] the Court agrees with the Government that Petitioner's arguments are moot at this juncture (*see* Dkt. No. 20 at 2–3).

Mootness is intertwined with the standing doctrine, requiring that a personal stake in the dispute exist at all stages of the litigation. *Env't Conservation Org. v. City of*

---

[3] Numerous courts nationwide have sided with Petitioner on these points. *See Martinez-Elvir v. Olson*, No. 3:25-CV-589-CHB, 2025 WL 3006772, at *13 (W.D. Ky. Oct. 27, 2025) ("The Court further finds that [p]etitioner's detention pursuant to the automatic stay . . . violates his Fifth Amendment due process rights under *Mathews*."); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *8 (S.D. Tex. Nov. 14, 2025) (same); *Sampiao v. Hyde*, --- F. Supp. 3d ---, 2025 WL 2607924, at *12 (D. Mass. Sept. 9, 2025) (same); *Campos Leon v. Forestal*, No. 1:25-CV-01774-SEB-MJD, 2025 WL 2694763, at *5 (S.D. Ind. Sept. 22, 2025) (finding the unilateral invocation of the automatic stay to be an *ultra vires* exercise of the Department of Homeland Security's authority); *Leal-Hernandez v. Noem*, No. 1:25-CV-02428-JRR, 2025 WL 2430025, at *13–15 (D. Md. Aug. 24, 2025) (determining the automatic stay violated the petitioner's substantive and procedural due process rights as applied to him and was *ultra vires*); *Hasan v. Crawford*, --- F. Supp. 3d ---, 2025 WL 2682255, at *9–10 (E.D. Va. Sept. 19, 2025) (as applied, the automatic stay violated the petitioner's substantive and procedural due process rights).

*Dallas*, 529 F.3d 519, 524 (5th Cir. 2008); *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477–478 (1990). In the habeas context, a petitioner must maintain "some concrete and continuing injury other than the now-ended [unlawful] incarceration" or "some 'collateral consequence' of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

At the time of filing this suit—and still today—Petitioner has not been detained pursuant to the automatic stay. That detention terminated when Respondents sought reconsideration of the IJ's bond order, and the BIA subsequently vacated that order (Dkt. No. 1 at 13, ¶ 46). Nor has Petitioner established more than an abstract likelihood that he will be detained under the automatic stay in the future (*see* Dkt. No. 19 at 24 ("Thus, because there exists a circumstance in which DHS could again seek to unlawfully assert its authority to stay an immigration judge's decision to grant Mr. Cabrera-Hernandez release on bond, . . . .")). *See Aguirre Villa v. Normand,* No. 5:25-CV-89, 2025 WL 3095969, at *12 (S.D. Ga. Nov. 4, 2025), *report and recommendation adopted* No. 5:25-CV-100, 2025 WL 3188406 (S.D. Ga. Nov. 14, 2025). Without speculating, the Court cannot assume Respondents will trigger the automatic stay if Petitioner is again granted bond. At any rate, if that occurs, Petitioner is free to challenge the automatic stay provision, and the Court will consider the merits.

### B. Sections 1225(b)(2)(A) and 1226

Respondents classify Petitioner as an applicant for admission—whom, they assert, is equivalent to an alien seeking admission per the statute (Dkt. No. 15 at 14). However, Section 1225(b)(2)(A) mandates detention of undocumented aliens when the "examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. In contrast, section 1226(a) offers discretionary detention for undocumented aliens who are present in the United States

and eligible for removal. Under section 1226(a), "[t]he Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole.'" *Id.* (citation modified). Importantly, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See, e.g.*, *Rodriguez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 2782499, at *3 (W.D. Wash. Sep. 30, 2025). The Department of Homeland Security's "longstanding interpretation" is that section 1226 applies to aliens who crossed the border but are not immediately apprehended. *See Savane v. Francis*, --- F. Supp. 3d ---, 2025 WL 2774452, at *5 (S.D.N.Y. Sep. 28, 2025) (citing Tr. of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954)).

Moreover, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court described § 1226 as the "default rule" governing "an alien present in the country" pending their removal. 583 U.S. at 288. Indeed, *Jennings* plainly states: "§ 1226 applies to aliens already in the United States," thus undercutting Respondent's characterization of the statutory language at play. *Id.* at 303. The Court would be hard-pressed to classify Petitioner, who has resided in the United States for twenty-three years, as an alien seeking admission both at the time he entered and now (Dkt. No. 1 at 1, ¶ 1; 7, ¶ 26). If the Court were to adopt Respondent's position, that would effectively render § 1226(a) useless and run afoul of *Jennings*'s reasoning. *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *7–8 (D. Ariz. Oct. 3, 2025); *Padron*

6

*Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *3–4 (S.D. Tex. Oct. 8, 2025).

Many courts have grappled with this issue in the preceding months,[4] including the Southern District of Texas. For example, United States District Senior Judge Lee H. Rosenthal recently rendered a decision, succinctly concluding "that § 1226, not § 1225, applies to [petitioner's] detention." *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025). Of course, this Court is not bound by Judge Rosenthal's decision.[4] *Camreta v. Greene*, 563 U.S. 692, 701 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)). However, the Court nonetheless is persuaded by Judge Rosenthal's reasoning. Judge Rosenthal's opinion indicates a strong consensus amongst the district courts regarding the interpretation of sections 1225 and 1226. *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (collecting cases); *see also Rodriguez*, 2025 WL 2782499, at *3 (noting the widespread agreement by district courts concluding "the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"). Based on the abundance of cases[5] that have already addressed these arguments and the Government's apparent timid

---

[4] In a hearing before United States District Judge John A. Kazen, the Government declined to defend its position on this issue, stating "[g]iven the ruling in [*Buenrostro-Mendez*] your Honor, I am hesitant to argue our position vehemently before this court, and basically would rest on our brief" (Hr'g at 01:40:22–1:40:39). Respondents now advise that *Buenrostro-Mendez* is on appeal; however, they have not articulated any reason for the Court to reevaluate its position (*see* Dkt. No. 15 at 19 n.2).

[5] Respondents cite four cases that went the other way: *Vargas Lopez v. Trump*, --- F. Supp. 3d ---, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, --- F. Supp. 3d. ---, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Garibay Robledo v. Noem*, 1:25-cv-177-H, slip. op. (N.D. Tex. Oct 24, 2025); and *Barrios Sandoval v. Acuna*, 6:25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025). The Court is not compelled by these cases, and instead, finds that the weight of the authority plainly lies on the other side.

approach in the *Covarrubias* matter, the Court declines to restate the in-depth analysis provided by these courts but stands in agreement. *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country).

Accordingly, the Court finds section 1226 applies to Petitioner's detention.[6] As found by nearly every other district court to address this issue, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" make clear section 1226 applies here. *Buenrostro-Mendez*, 2025 WL 2886346, at *3.

## IV. CONCLUSION

Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** and **DENIED IN PART**. **By December 15, 2025**, Respondents are **ORDERED** to either: (1) reinstate Petitioner's $5,000 bond; or (2) hold a new bond determination hearing. *See Chilel Chilel v. Sheehan*, No. C25-4053-LTS-KEM, 2025 WL 3158617, at *4 (N.D. Iowa Nov. 12, 2025). To the extent the Petition seeks Petitioner's release, it is **DENIED** at this time. If Respondents again invoke the automatic stay under 8 C.F.R. § 1003.19(i)(2), the parties **must** jointly notify the Court within **three (3) days** of the same.

Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction Ordering Release Pending Final Judgment (Dkt. No. 2) and Motion for Order

---

[6] Although Petitioner raises both statutory and constitutional grounds, the Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025).

to Show Cause (Dkt. No. 3) are **DENIED AS MOOT**.

It is so **ORDERED**.

**SIGNED** December 2, 2025.

_____
Marina Garcia Marmolejo
United States District Judge