United States District Court
Southern District of Texas

**ENTERED**

June 03, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LUCAS CABRERA-HERNANDEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-cv-197 |
| | § | |
| PAMELA BONDI[1] *et al.* | § | |

## ORDER

Before the Court is Petitioner's Motion to Dismiss Petition Without Prejudice (Dkt. No. 30). Finding cause to do so, the Court **LIFTS** the stay and **VACATES** its previous order (Dkt. No. 29).

"Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that after a [respondent] files an answer or a motion for summary judgment 'an action may be dismissed at the [petitioner's] request only by court order, on terms that the court considers proper.'" *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012); *see also* Fed. R. Civ. P. 81(a)(4). "Voluntary dismissals 'should be freely granted,' but a [petitioner's] request will not be allowed if 'the non-moving party will suffer some plain legal prejudice.'" *Harris*, 500 F. App'x at 268 (quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)). Prejudice must be something beyond "the mere prospect of a second lawsuit. It is not a bar to dismissal that [petitioner] may obtain some tactical advantage thereby." *Collins v. Ferrell Gas, Inc.*, No. 95-433, 1995 WL 572041, at *1 (E.D. La. Sept. 26, 1995) (quoting *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

Here, Respondents did not oppose Petitioner's motion. L.R. 7.3 (affording the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem, and David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

1

opposing party twenty-one days to respond to a motion). The Court will not manufacture prejudice on their behalf. Finding Rule 41(a)(2) warrants dismissal, the Court **GRANTS** Petitioner's motion (Dkt. No. 30). *See Harris*, 500 F. App'x at 268 (quoting *Elbaor*, 279 F.3d at 317) (dismissal should be "freely granted").

Petitioner's amended petition of habeas corpus is **DISMISSED WITHOUT PREJUDICE** (Dkt. No. 5). Petitioner's Motion to Modify as to Order on Motion for Temporary Restraining Order (Dkt. No. 26) is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

It is so **ORDERED**.

**SIGNED** June 3, 2026.

Marina Garcia Marmolejo
United States District Judge

2